# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 18-cv-00700-REB

IVAN D. GREGORY,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security

    Defendant.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S UNOPPOSED SUPPLEMENTAL MOTION FOR AN AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b) PURSUANT TO FED. R. CIV. P. 60(b)(6)

**Blackburn, J.**

The matter before me is plaintiff's **Unopposed Supplemental Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6)** [#23],[1] filed April 20, 2021. I deny the motion without prejudice.

Counsel for plaintiff previously was awarded attorney fees of $6,000 under section 406(b) for her work at the district court level related to plaintiff's successful appeal of his claim for disability insurance benefits. (*See* **Order Granting Motion for Attorney Fees Under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6)** [#22], filed November 24, 2020.) Subsequently, the Social Security Administration granted auxiliary claims for benefits on behalf of plaintiff's two minor children. It has withheld 25

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

percent of these awards ($2,938 per child) for payment of counsel.  (**See Motion App.**, Exh. 2 at 3, 9.)  Counsel now seeks these additional amounts as supplemental attorney fees.

As noted in my prior order awarding fees under section 406(b), plaintiff contractually agreed to pay counsel twenty-five percent of any past-due benefits recovered as a result of the representation, a fee which is permitted by statute.  **See** 42 U.S.C. § 406(b)(1)(A).  However, the statute also requires the court to review the arrangement "as an independent check, to assure that they yield reasonable results in particular cases."  **Gisbrecht v. Barnhart**, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).  In determining whether a fee is reasonable, the court may consider factors such as "the character of the representation," "the results the representative achieved," whether the benefits recovered "are large in comparison to the amount of time counsel spent on the case," and whether the plaintiff's attorney is responsible for delay in the proceedings.  **Id.**  The burden is on the attorney requesting the award to demonstrate that "that the fee sought is reasonable for the services rendered."  **Id.**

Here, counsel suggests an award of these additional fees is warranted "[f]or the reasons presented in Plaintiff's previous motion."  However, it is not clear to the court that the reasons set forth previously apply with equal force to this request for additional benefits.  In granting that motion, the court noted that a request for $6,000 in compensation was reasonable for the 15.9 hours of attorney time counsel invested in the prosecution of plaintiff's claim.  The court is not convinced, and counsel has done

2

nothing to substantiate, that an award of almost double that amount is equally reasonable, especially where it is unclear whether counsel expended any additional effort to secure these further awards.[2]

While the Commissioner, who is not a party to fee petitions under section 406(b), ostensibly does not object to the relief requested by the motion, it remains the court's duty to ensure that any attorney fee awarded – which will be paid out of past due benefits owed to plaintiff's minor children – is reasonable under all the circumstances. Because I cannot do so based on the record before me, the motion will be denied, albeit without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's **Unopposed Supplemental Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6)** [#23], filed April 20, 2021, is denied without prejudice.

Dated May 18, 2021, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] Indeed, by her previous motion, counsel suggested her request was reasonable because it amounted an effective hourly rate of $377.35 ([#20] at 4). Granting her present request would increase the hourly fee to $746.92. Although such a fee is not necessarily out of line with other awards which have been approved in this district, I am disinclined to approve such a fee where counsel has made no effort to demonstrate its reasonableness.

3